Informal Opinion No. 98-10 Kathleen Wojtaszek-Gariano, Esq. Counsel Love Canal Area Revitalization Agency 2768 Niagara Falls Boulevard Niagara Falls, N Y 14304
Dear Ms. Wojtaszek-Gariano:
I have received your September 2, 1997 letter regarding the appointment of community representatives on the board of the Love Canal Area Revitalization Agency. Specifically, you have asked, in the event of a tie vote in filling a vacancy in the position of a community board member, whether any remedies are available under State law to fill the vacancy. Also, you have asked whether the Agency may take action when a vacancy exists on the board.
The Love Canal Area Revitalization Agency has been established by State law as an industrial development agency, constituting a public benefit corporation, for the benefit of the City of Niagara Falls and the Town of Wheatfield. General Municipal Law § 950(1). Under the enabling legislation for the Agency, three members of the board are appointed by the mayor of the City of Niagara Falls with the concurrence of the city council. Id., § 950(4). Three members are appointed by the town supervisor of the Town of Wheatfield with the concurrence of the town board. Id. The three remaining members, who are representatives of the area served by the Agency, are appointed by the members of the board appointed by the mayor and town supervisor. Id.
You have forwarded to me a decision of the State Supreme Court holding that only the six members of the board appointed by officials of the City of Niagara Falls and the Town of Wheatfield may appoint the community representatives on the board. The opinion of the court states that in the event of a tie vote in filling a vacancy in the position of community member, there is no provision in the law for the remaining community board members to vote to fill the vacancy.
We are not aware of any statutory remedy in the event of a tie vote to fill an appointive office. We note that section 42(5) of the Public Officers Law gives the Governor discretion to call a special election to fill a vacancy in an elective office where a board, because of a tie vote or for any other reason, is unable to make a temporary appointment to fill the office. There is no comparable provision for appointive offices.
Generally, the existence of a vacancy on an agency's board does not preclude the exercise of authority by the agency. In the absence of quorum and voting requirements in the agency's enabling legislation, the provisions of section 41 of the General Construction Law would apply. See also, section 856(3) of the General Municipal Law discussed in Op Atty Gen (Inf) No. 93-41.
The enabling legislation for the Love Canal Area Revitalization Agency does not include quorum and voting requirements. Thus, section 41 applies, and provided that a quorum exists and the requisite affirmative votes for a proposal are cast, as provided in section 41, action can be taken. We note, however, that the Legislature intended that three members of the board represent the area served by the Agency. While the tie vote has prevented appointment of only one community representative, a prolonged impasse or failure to appoint additional community representatives arguably defeats the legislative intent to represent on the board community interests, and might possibly lead to successful challenges of board action.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions